IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIFFANY E. LARRY,

       Plaintiff,                      No. CIV 11-1075 LKK EFB PS

vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS;
WASHINGTON MUTUAL BANK;
WELLS FARGO BANK, N.A.;
NDEX WEST LLC,

       Defendants.               <u>ORDER</u>

_____/

      This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's complaint does not allege either federal question or diversity jurisdiction. Plaintiff has not complete diversity among the parties, nor has she alleged the citizenship of several of the defendants or that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. She also has not alleged any violations of federal statutes or the federal constitution, and instead alleges only state law claims. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's complaint does neither.

Therefore, plaintiff's complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint, if she can specify a basis for this court's subject matter jurisdiction. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

////

1     Plaintiff is informed that the court cannot refer to prior pleadings in order to make an
2 amended complaint complete. Local Rule 220 requires that an amended complaint be complete
3 in itself. This is because, as a general rule, an amended complaint supersedes the original
4 complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files
5 an amended complaint, the original no longer serves any function in the case. Therefore, "a
6 plaintiff waives all causes of action alleged in the original complaint which are not alleged in the
7 amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and
8 defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*,
9 963 F.2d 1258, 1262 (9th Cir. 1992).

10     Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
11 Procedure, this court's Local Rules, or any court order may result in a recommendation that this
12 action be dismissed. *See* Local Rule 110.

13     Accordingly, IT IS ORDERED that:

14     1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

15     2. Plaintiff's complaint is dismissed with leave to amend.

16     3. Plaintiff is granted thirty days from the date of service of this order to file an amended
17 complaint. The amended complaint must bear the docket number assigned to this case and must
18 be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended
19 complaint. Failure to timely file an amended complaint in accordance with this order will result
20 in a recommendation this action be dismissed.

21 DATED: May 5, 2011.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE